UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVIN EARL JOHNSON,
    Plaintiff,

vs.                                                                                                  03-1228

STEPHEN D. MOTE, et. al.,
    Defendants.

ORDER

    This cause is before the court for consideration of the defendant's motions for summary judgement. [d/e 66, 74]

I. BACKGROUND

    The plaintiff, Kevin Earl Johnson, originally brought this action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center by eight defendants. On July 12, 1995 the court granted a motion for summary judgement for most of the named defendants. The court found the plaintiff had one surviving claim: that Defendant Dr. Funk was deliberately indifferent to the plaintiff's serious medical condition. *See* July 12, 1996 Court Order. The court instructed the defendant to file a well-supported motion for summary judgement.

    The defendant filed a dispositive motion. However, the court found that this motion did not provide the proper documentation. The court instructed the defendant to file supplemental affidavits in support of his claims. *See* February 9, 2006 Court Order. The court gave the defendant a deadline to file the information and allowed the plaintiff additional time to file a response. The parties were advised that no further continuances would be granted.

    The defendant filed a revised motion for summary judgement on February 21, 2006. This motion does not supplement the original dispositive motion, but replaces it. Therefore, the court will dismiss the initial motion for summary judgement. [d/e 66]

    The plaintiff was again advised the deadline for filing his response. The deadline has now passed and the plaintiff has failed to respond. The court will consider the defendant's motion for summary judgement without further input from the plaintiff.

II. FACTS

    The plaintiff was an inmate at the Pontiac Correctional Center at the time of the allegations in his complaint. The plaintiff's complaint states that in March of 2002, he fell and injured his right eye. He lost 85% of the vision in his eye, but an eye doctor told him if he was careful not to re-injure his eye, he should regain the vision. This original eye injury is not the

basis of this lawsuit. (Comp, p. 8)  Instead, the plaintiff is claiming his eye was re-injured later in 2002, and he did not receive care from Dr. Funk.

The plaintiff says his security classification was upgraded in September 2002 and it including nightly security checks at 2:00 a.m.   The plaintiff says the repeated waking caused him to have insomnia which lead to migraine headaches which he claims re-injured his right eye.  The plaintiff says his vision began to deteriorate again.  The plaintiff in his complaint claims he wrote repeated letters to Defendant Funk asking for medical care, but his requests were denied.

Dr. Funk states neither he nor anyone else in the healthcare unit play any role in determining an inmate's security status.  Dr. Funk says he has reviewed the plaintiff's medical records and there is no correspondence between the doctor and the plaintiff concerning his claimed re-injury.   Dr. Funk says he is not aware of any other communications he had with the plaintiff concerning his claimed medical condition and "[a]t no time did I provide direct medical care to Kevin Johnson for any complaints regarding this claimed injury." (Def. Memo, Funk Depo, p. 1)   Lastly, Dr. Funk says he was never made aware in any other way of plaintiff's claimed problems with his eye during the time alleged in the plaintiff's complaint.

## II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(C).  A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.  Nonetheless, "(s)ummary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## III. ANALYSIS

A.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

The defendant argue that the plaintiff has failed to exhaust his administrative remedies as required for his surviving claim.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendant has attached an affidavit from the manager of the Office of Inmate Issues. Nancy Tucker states that she has searched the records of the Administrative Review Board and the plaintiff did not file a grievance with the board regarding Dr. Funk and the problems with this eye. (Def. Memo, Tucker Aff, p 2)

The plaintiff has not filed a response to the motion, but he did address this issue in his complaint. The plaintiff says he filed grievances, but Pontiac refused to consider them. The plaintiff also says he appealed this decision to the Administrative Review Board, but both stated his grievance was beyond the 60 day time frame allowed.

The plaintiff has also attached copies of his December 26, 2002 grievance. It is a lengthy grievance that begins by talking about the initial injury of his eye in April of 2002. However, while the plaintiff does not mention Dr. Funk specifically, he does talk about the re-injury of his eye and his need for treatment.

Without more, the court cannot find that the plaintiff did not attempt to exhaust all available administrative remedies.

B. DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION

Defendant Funk also argues that the plaintiff has failed to demonstrate that he was deliberately indifferent to the plaintiff's serious medical condition. An Eighth Amendment claim must pass both an objective and a subjective test in order to establish that the defendants conduct violated the constitution. Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Wilson v. Seiter, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. Id. Second, the Plaintiff must show that the Defendants acted with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 828 (1994).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42). Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. Shockley v Jones, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. Forbes v. Edgar, 112 F.3d, 262, 267 (7th Cir. 1997).

The plaintiff claims he re-injured his eye in September of 2002.  Since the plaintiff has failed to respond to the motion for summary judgement, there is no evidence before this court that the plaintiff actually did re-injure his eye. In addition, there is no evidence that Dr. Funk was aware of the plaintiff's claimed injuries. The plaintiff in his complaint says he wrote letters, but got no response. The plaintiff did not attach copies of any letters to his complaint.  There is also no evidence Dr. Funk ever received those letters. There is no evidence that Dr. Funk was ever notified of the plaintiff's claimed injury in any other way. Consequently, it is doubtful the

plaintiff suffered from a serious medical condition, but even if he did, there is no evidence Dr. Funk was deliberately indifferent to his medical needs. The revised motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's initial motion for summary judgement is denied. [d/e 66]**

**2) The defendant's revised motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 74]  The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**4) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

ENTERED this 23rd day of March, 2006.

                                                s\Harold A. Baker

                                          _____
                                            HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE