UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVIN EARL JOHNSON,
    Plaintiff,

vs.                      Case No. 03-1228

STEPHEN MOTE,. et. al.,
    Defendants.

ORDER

      This cause is before the court for consideration of three pending motions: 1) the plaintiff's motion for reconsideration of the court's March 23, 2006 order granting summary judgement [d/e 80]; 2) plaintiff's motion to show cause [d/e 81]; and 3) plaintiff's motion to rescind the March 23, 2006 payment order. [d/e 83]

I. MOTION FOR RECONSIDERATION

      A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).

      The summary judgement motion was granted and judgement was entered for the defendants on March 23, 2006. The plaintiff's motion to reconsider provides no clear indication of when he provided it to prison officials.  Therefore, the only date the court has to consider is the date it was received by the clerk of the court which is April 10, 2006.  The motion was received after the ten day time frame and the court will consider the motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.

      A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994).   Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

      The plaintiff originally filed his lawsuit pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center by eight defendants.  On July 12, 1995 the court granted a motion for summary judgement for most of the named defendants.  The court found the plaintiff had one surviving claim: that Defendant Dr. Funk was deliberately indifferent to the plaintiff's serious medical condition. *See* July 12, 1996 Court Order.  The court instructed the defendant to file a well-supported motion for summary judgement.

      The defendant filed a dispositive motion.  However, the court found that this motion did not provide the proper documentation.  The court instructed the defendant to file supplemental affidavits

in support of his claims. *See* February 9, 2006 Court Order. The court gave the defendant a deadline to file the information and allowed the plaintiff additional time to file a response. The parties were advised that no further continuances would be granted.

The defendant filed a revised motion for summary judgement on February 21, 2006. The plaintiff was again advised of the March 15, 2006 deadline for filing his response. The deadline passed without any response from the plaintiff, and on March 23, 2006 the court granted summary judgement for the sole remaining defendant, Dr. Funk.

The plaintiff now says that he did provide his response to prison officials before the deadline, so it should be considered by the court. The response was received by the clerk of the court on March 24, 2006. It does appear that the plaintiff provided his response to prison officials on March 14, 2006, so the court will consider this the filing date. *See Hope,* 43 F.3d at 1143. The motion to reconsider the summary judgement motion is granted. [d/e 80] The court will strike the March 23, 2006 Court Order and reconsider the second motion for summary judgement along with the plaintiff's response.

## II. MOTION FOR SUMMARY JUDGEMENT

A. BACKGROUND

The plaintiff has failed to respond to the statement of undisputed facts. The following facts are taken from Dr. Funk's second motion for summary judgment and the complaint. The plaintiff was an inmate at the Pontiac Correctional Center when he says he re-injured his eye in September of 2002. The plaintiff first injured his eye in March of 2002 when he fell and hit his right eye. He lost substantial vision in the eye, but eye doctors told the plaintiff that if he was careful, his vision should return. The original eye injury is not the basis of this lawsuit. (Comp., p. 8)

The plaintiff says his eye was re-injured due to his living conditions. The plaintiff claims in September of 2002, his security classification was upgraded and as a result, he was subjected to nightly security checks at 2:00 a.m. The plaintiff claimed in his complaint that the repeated waking caused him to have insomnia which in turn lead to migraine headaches. The plaintiff maintains his vision then began to deteriorate in his right eye. The plaintiff's complaint alleges that he wrote repeated letters to Dr. Funk asking for medical care, but his requests were ignored.

In the revised motion for summary judgement, Dr. Funk states that neither he nor anyone else in the healthcare unite played a role in determining the plaintiff's security status. Dr. Funk also said he reviewed the plaintiff's medical file and there was no correspondence between Dr. Funk and the plaintiff concerning his claimed re-injury. Dr. Funk says he is not aware of any communications he had with the plaintiff concerning this medical condition and "[a]t no time did I provide direct medical care to Kevin Johnson for any complaints regarding this claimed injury." (Def. Memo., Funk Aff., p. 1) Lastly, Dr. Funk says he was never learned in any other way of plaintiff's claimed problems during the time alleged in his complaint.

B. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(C). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

C. ANALYSIS

1. FAILURE TO EXHAUST.

The defendants first argued that the plaintiff failed to exhaust his administrative remedies as required. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendant presented an affidavit from the manager of the Office of Inmate Issues. Nancy Tucker states that she has searched the records of the Administrative Review Board and the plaintiff did not file a grievance with the board regarding Dr. Funk and the problems with this eye. (Def. Memo, Tucker Aff, p 2)

The plaintiff claims the affidavit is untruthful, but presents no other evidence. The plaintiff claims he need not address this issue because the court already rejected the failure to exhaust argument two years ago. The plaintiff is correct that Defendant Funk raised this issue in a previous motion to dismiss on September 22, 2004. *See* September 22, 2004 Court Order. However, the court refused to address the defendant's argument because he asked the court to consider affidavits and other matters outside of the pleadings. The court specifically stated that "[i]f the defendants wish to present evidence for the court's consideration, they should file a motion for summary judgement." September 22, 2004 Court Order, p. 2. The court also noted that the relevant time period for any grievance would be after the plaintiff re-injured his eye in September of 2002. *Id.*

3

Since the plaintiff has refused to address this issue, the court has no evidence before it that the plaintiff did in fact exhaust his administrative remedies as required.

2. DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION

Even if the plaintiff had exhausted his administrative remedies, his complaint would not survive the summary judgement motion.  The plaintiff has failed to demonstrate that Dr. Funk was deliberately indifferent to the plaintiff's serious medical condition.  An Eighth Amendment claim must pass both an objective and a subjective test in order to establish that the defendants conduct violated the constitution. Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Wilson v. Seiter, 501 U.S. 294, 297 (1991).  The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. Id.  Second, the Plaintiff must show that the Defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 828 (1994).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42).  Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. Shockley v Jones, 823 F.3d 1068, 1072 (7th Cir. 1987).  In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. Forbes v. Edgar, 112 F.3d, 262, 267 (7th Cir. 1997).

There is no evidence before the court that Dr. Funk was aware that the plaintiff had re-injured his eye.  The plaintiff in his complaint says he wrote letters, but got no response.  The plaintiff did not attach copies of any letters to his complaint.   There is also no evidence Dr. Funk ever received those letters.  There is no evidence that Dr. Funk was ever notified of the plaintiff's claimed injury in any other way.

The plaintiff in response to the motion for summary judgement also claims there are documents in the medical record that show Dr. Funk knew about his eye injury, but since the court denied his motion to compel, he was unable to get these documents.  The plaintiff does not point to any specific discovery request or document.  The court notes that the plaintiff filed three motions to compel.  The first motion was mislabeled. [d/e 34].  Although the plaintiff called his document a motion to compel, he was in fact filing his initial discovery request with the court.  The plaintiff was admonished that he must provide this request to the defendants and told when a motion to compel was appropriate. *See* January 21, 2005 Text Order.

The plaintiff's second motion to compel made no mention of Dr. Funk or medical records. [d/e 53]   The plaintiff asked for documents that pertained to his grievances and Defendant Pearlene Redd-Pitchford. *See* July 12, 2005 Court Order.

The plaintiff' filed a third motion to compel discovery and a motion for leave to file a summary judgement motion that was actually another request for discovery documents.  [d/e 69, 71] The plaintiff claimed that he needed copies of medical records from specific dates in order to

respond to a pending motion for summary judgement. The plaintiff said he has made numerous requests for these records, but had not received any response.

    Defendant Funk responded that he did not have the plaintiff's medical records and had "advised the plaintiff that he could obtain copies of his medical records from the institution where he is currently incarcerated." (Def. Resp, p. 1) The plaintiff did not inform the court whether he ever made the proper request for medical records, nor did he provide copies of any requests he had made for medical records to any defendants.

    The court also noted that the medical records requested by the plaintiff were all for dates that occurred AFTER the plaintiff filed this lawsuit on July 16, 2003. In fact, all documents requested were dated after October 29, 2003 and many were from the year of 2004.

    Lastly, the court noted that the discovery period had already closed and this was the first time the plaintiff had indicated to the court that he had not received medical records.

> The court appreciates that the plaintiff is proceeding pro se. However, the plaintiff is responsible for his own lawsuit. He has waited more than a year after the close of discovery to bring this problem to the court's attention and waited until after the defendant filed a motion for summary judgement. In addition, the plaintiff has provided no evidence that he has made any effort to obtain the records on his own. The motions are denied. February 9, 2006 Court Order, p. 1, 2.

The plaintiff's argument that the denial of this motion to compel prevents him from showing Dr. Funk's knowledge of his re-injured eye holds no merit. The plaintiff has failed to demonstrate how his request for medical documents dated more than a year after the re-injury are relevant, nor has he demonstrated that he made an appropriate request for medical records during the discovery period.

    The plaintiff also claims that he filed a grievance in 2002 making reference to his eye, and his counselor responded that she would speak to Dr. Funk about the problem. The plaintiff says the grievance showing the counselor's response is attached to his original complaint. The plaintiff does not provide a copy of this response, nor does he refer the court to any particular exhibit nor does he provide the name of the counselor. However, none of the exhibits attached to the original complaint show such a counselor response.

    The plaintiff has failed to present any evidence that Dr. Funk was aware of the plaintiff's re-inured eye during the relevant time period of his complaint. In addition, the court notes that it is not entirely clear that the plaintiff could show he suffered from a serious medical condition as a result of the claimed re-injury. The court will grant Dr. Funk's motion for summary judgement.

### III. PAYMENT MOTIONS.

    The plaintiff has also filed two motions asking the court to rescind the payment portion of its March 23, 2006 Court Order. The plaintiff correctly points out that he paid the filing fee in full

when he originally filed this case.   The original motion granting summary judgement incorrectly directed the trust fund office to deduct payments for the filing fee.  It appears from the record that the trust fund office has sent approximately $16 in payments since the order was entered.  The court will order that the money be reimbursed to the plaintiff.

**IT IS THEREFORE ORDERED that:**

**1)   The plaintiff's motion to reconsider the March 23, 2006 Court Order is granted. [d/e 80].   The clerk of the court is directed to strike the March 23, 2006 order.[d/e 76] The clerk of the court is directed to reopen this case.  The court will reconsider Defendant Funk's second motion for summary judgement [d/e 74] as well as plaintiff's response.**

**2)   The defendants' motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 74]  The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**3) The plaintiff has paid the filing fee in full in this case.   No further deductions are necessary from the plaintiff's trust fund account for the payment of this initial filing fee.   The clerk of the court is directed to refund any monies taken from the plaintiff's trust fund account from March 23, 2006 to the present.   The clerk is directed to send a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

ENTERED this 19th day of March, 2007.

s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE